IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Amy Wax, | : |
|                Plaintiff, | : Civ. No. 2:25-cv-00269-TJS |
| v. | : |
| The Trustees of the University of Pennsylvania, | : |
|                Defendant. | : |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF AND
EXHIBIT, OR, IN THE ALTERNATIVE, FOR SUR-REPLY**

Plaintiff's Reply in Support of her Motion for Preliminary Injunction ("Reply Brief"), or, at minimum, the affidavit attached as Exhibit A ("the Affidavit"), should be stricken because Plaintiff has improperly raised new issues and evidence in a reply. Should the Court not strike the Reply Brief or Affidavit, Defendant requests that the Court permit it leave to file a Sur-Reply to respond to the new arguments and evidence.

Replies should be limited to matters raised in the opposing party's response brief, and courts may strike reply briefs that do not comply with this requirement. *See, e.g.*, Judge Timothy J. Savage, Policies and Procedures at IV.B (permitting reply briefs "addressing *only* issues raised in the brief in opposition" (emphasis added)); *Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) ("There is cause for concern where a movant presents new arguments or evidence for the first time in a … reply brief, particularly if the District Court intends to rely upon that new information in granting [the motion]."); *Buckley v. Universal Sewing Supply, Inc.*, No. 1:19-CV-794-SHR, 2019 WL 5260365, at *6 n.6 (M.D. Pa. Oct. 17, 2019) ("It is generally inappropriate to introduce new evidence and arguments on reply, as it denies the opposing party an opportunity to

rebut them."); *see also Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief"); *Benjamin v. Oxford Health Ins. Inc.*, No. 16-408, 2017 WL 772328, at *3 (D. Conn. Feb. 28, 2017) (granting motion to strike because plaintiff "improperly raised new arguments . . . for the first time in reply").

Plaintiff has inappropriately offered new evidence and raised new arguments in her Reply Brief that she could have made in her opening motion but did not. Most notably, Plaintiff now attaches a **thirteen-page** affidavit, which itself includes links to numerous outside sources and even citations to case law.[1] *See* Affidavit of Professor Amy Wax ("Wax Aff."), ECF No. 44. There is simply no legitimate reason Plaintiff could not have included this affidavit or arguments in her opening brief, which notably contained no exhibits. Defendant filed its Opposition based on the information Plaintiff actually presented in her opening, including by pointing out her total lack of evidence to support her entitlement to the extraordinary relief of a preliminary injunction. Allowing Plaintiff to submit this new evidence now, in an apparent attempt to rectify her shortcomings, is inappropriate and prejudicial.

Plaintiff's Reply Brief also includes several substantive arguments that were not mentioned, referenced, or described in her opening brief. Most notably, Plaintiff's Reply Brief and the Affidavit, for the first time, reference an additional harm she claims she will suffer without an injunction – supposed harm to Plaintiff's ability to participate in debate and scholarship on certain topics. *See* Reply Brief at 9; Wax Aff. ¶¶ 16-19. This is an entirely new argument. Her opening brief did not mention any alleged impact on her "scholarly focus" "on affirmative action and diversity, equity and inclusion (DEI) policies" or her study of "the effects of immigration on

---

[1] This Court limits reply briefs are to be limited to ten pages. Plaintiff's Affidavit, when coupled with her ten-page Reply Brief, far exceeds that page limit. *See, e.g.*, Judge Timothy J. Savage, Policies and Procedures at IV.B.

culture and group status and advancement." Wax Aff. ¶¶ 17,19. Similarly, the Affidavit is the first instance in which she has argued that, absent an injunction, she will be harmed because (in her view) these issues have risen to the front of the national conscience.[2] *Id.*

Raising these novel arguments and including new evidence at this late stage is improper and prejudices Defendant by depriving it of the opportunity to respond, especially given this Court's explicit instructions that "[n]o further briefs may be filed" after a reply. *See, e.g.*, Judge Timothy J. Savage, Policies and Procedures at IV.B; *see also Johnson v. Dunkin' Donuts Franchising L.L.C.*, No. CIV.A. 11-1117, 2014 WL 2931379, at *17 (W.D. Pa. June 30, 2014), *aff'd*, 610 F. App'x 208 (3d Cir. 2015) (granting a motion to strike an affidavit that was attached to a sur-reply to motion for summary judgment).

Accordingly, the Reply and Affidavit, or, at minimum, the Affidavit, should be stricken. Alternatively, Penn respectfully requests the opportunity to file a Sur-Reply to address Plaintiff's new and misleading arguments.

Dated: May June 2, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Michael Banks*

---

[2] Had she properly raised this argument in her opening brief, Defendant would have had the opportunity to respond appropriately, including to point out that, for example, Plaintiff's Motion for Preliminary Injunction only seeks an injunction against "implementing the final decision imposing sanctions against Professor Wax" and not Provost Jackson's already issued reprimand letter – the focus of her Reply. *See* Plaintiff's Motion for Preliminary Injunction, ECF No. 27. Defendant would have further pointed out that none of the sanctions issued impacts Plaintiff's ability to engage in national debate. *See* Amended Complaint at Ex. 26 (setting forth the sanctions of a one-year suspension at half pay, the loss of her named chair, the loss of summer pay, a public reprimand, and a public disclaimer in public appearances). To the contrary, the sanctions themselves inherently assume that Plaintiff would continue to do so by requiring that she "note in her **public appearances** that she is not speaking for or as a member of the Penn Carey Law School or the University of Pennsylvania." *Id.* (emphasis added).

Michael L. Banks (Bar No. 35052)
A. Klair Fitzpatrick (Bar No. 309329)
Arielle H. Steinhart (Bar No. 331886)
2222 Market Street
Philadelphia, PA  19103-3007
+1.215.963.5000
michael.banks@morganlewis.com
klair.fitzpatrick@morganlewis.com
arielle.steinhart@morganlewis.com

TUCKER LAW GROUP
Joe H. Tucker (Bar No. 56617)
1801 Market Street, Suite 2500
Philadelphia, PA  19103
+1.215.875.0609
jtucker@tlgattorneys.com

*Counsel for Defendants the Trustees of the University of Pennsylvania*

## **CERTIFICATE OF SERVICE**

    I, Michael L. Banks, hereby certify that on June 2, 2025, a true and correct copy of the foregoing Defendant's Brief in Support of its Motion to Strike was filed electronically and is available for viewing and downloading from the Court's ECF system.

                                                                        */s/ Michael L. Banks*
                                                                         Michael L. Banks